IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01385-BNB

PAUL E. JOHNSON,

    Plaintiff,

v.

SECOND JUDICIAL COURTS,

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN -6 2011

GREGORY C. LANGHAM
                   CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PLEADING

---

Plaintiff, Paul E. Johnson, has filed *pro se* a Complaint alleging that his sentence to probation is illegal. The court must construe the Complaint liberally because Mr. Johnson is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Johnson will be ordered to file an amended pleading if he wishes to pursue his claims in this action.

The court has reviewed the Complaint and finds that it is deficient because Mr. Johnson is challenging the validity of a criminal sentence and he may do so in this court only by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." See *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Therefore, Mr.

Johnson will be directed to file on the proper form an application for a writ of habeas corpus.

Mr. Johnson is advised that, in order to assert a cognizable habeas corpus claim pursuant to § 2254, he must identify the specific federal constitutional right that allegedly has been violated because § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mr. Johnson also must provide specific factual allegations in support of each asserted claim. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Johnson must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. See **Mayle v. Felix**, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. See **Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Finally, Mr. Johnson must name a proper Respondent in the amended pleading. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. See 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; **Harris v. Champion**, 51 F.3d 901, 906 (10th Cir. 1995). Accordingly, it is

ORDERED that Mr. Johnson file **within thirty (30) days from the date of this order** an amended pleading that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Johnson, together

with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Johnson fails within the time allowed to file an amended pleading as directed, the action will be dismissed without further notice.

DATED June 6, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01385-BNB

Paul E Johnson
1455 Beeler St
Aurora, CO 80010

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on June 6, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk