IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 9 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01385-LTB

PAUL E. JOHNSON,

      Applicant,

v.

SECOND JUDICIAL COURTS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Paul E. Johnson, has filed *pro se* on August 22, 2011, a motion to reconsider (Doc. #11) asking the Court to reopen the instant action along with the first page of a form motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. #10).  The Court must construe the motions liberally because Mr. Johnson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the motions will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  However, a motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  Because

Mr. Johnson's motion to reconsider was filed more than twenty-eight days after the Judgment was entered in this action on July 13, 2011, that motion properly is asserted pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Johnson failed to file a pleading that identifies the specific claims he is asserting in this action and he failed to provide specific factual allegations in support of each asserted claim. Mr. Johnson does not address the reasons the Court dismissed the instant action in the motion to reconsider. Instead, he asks the Court to reopen this action because he feels he already has done his time.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Johnson fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion to reconsider will be denied. Mr. Johnson is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if he wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that Applicant's motion to reconsider (Doc. #11) filed on August 22, 2011, is DENIED. It is

FURTHER ORDERED that Applicant's motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. #10) filed on August 22, 2011, is DENIED as moot.

DATED at Denver, Colorado, this __29th__ day of ___August_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01385-BNB

Paul E Johnson
1455 Beeler St
Aurora, CO 80010

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 29, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                              Deputy Clerk